UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ELIJAH R. WASHINGTON,

    Defendant.

Case No. 19-20667
Honorable Laurie J. Michelson

**ORDER DENYING DEFENDANT'S EMERGENCY MOTION TO REVOKE DETENTION ORDER BASED UPON CHANGE OF CIRCUMSTANCES [18]**

Elijah Washington was charged with being a felon in possession of a firearm. He was detained pending trial. He later pleaded guilty and was set to be sentenced in April 2020. But shortly before his sentencing, Michigan (and the rest of the United States) was hit with COVID-19. And so Washington's sentencing has been postponed. Washington believes that the pandemic amounts to changed circumstances that justify his release from prison while he awaits sentencing. On the present record, the Court disagrees.

I.

Washington was charged by criminal complaint with being a felon in possession of a firearm. (ECF No. 1.) The affidavit in support of the complaint explained that Washington was in the front passenger seat of a car that was subject to a traffic stop. Under Washington's seat, officers retrieved a Glock 9mm handgun with a 30-round extended magazine loaded with 29 rounds. (ECF No. 1, PageID.4.) According to the affidavit, Washington's snapchat account

also had an image of a firearm that appeared to be the one seized from the car. (*Id*.) Washington has a prior felony conviction for harboring felons. (*Id*.)

During Washington's initial appearance, then Magistrate Judge Stephanie Dawkins Davis conducted a detention hearing and found that the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community if Washington was released. (ECF No. 6, PageID.12.) More specifically, in ordering Washington detained pending trial, Judge Davis found that "Washington's Snapchat account contains multiple pictures of him with different firearms, including the subject firearm (Ex.1), a pistol (Ex. 5), a MAC 10 (Ex. 6) and an AK 47(Ex. 7); large sums of cash; and controlled substances. A number of the photos were posted as recently as August 2019." (ECF No. 6, PageID.13.) "Further," Judge Davis continued,

> Washington was previously convicted for assaultive conduct (misd. assault and battery) and for felony harboring a felon, as well as extensive law enforcement contact, including approximately 11 other arrests on suspicion of, amongst other things, felony assault, felony robbery, felony weapons and felony dangerous drugs that did not result in convictions. Further, officers have associated Washington with a street gang known as the Burgess Street Gang or "Squad" gang and the above referenced photos include Washington with other members of the gang with firearms and marijuana. Moreover, Washington's prior periods of supervision have been marred by violations which resulted in jail time for violating probation in relation to his assault and battery conviction and the revocation of his HYTA status for the harboring felons offense and jail time for that violation also.

(ECF No. 6, PageID.13.) Judge Davis also explained that "[t]he current offense, involving riding in a vehicle armed with a semi-automatic firearm equipped with an extended magazine, appears to be an escalation of the conduct captured in the Snapchat photos." (*Id.*)

Washington was subsequently indicted on one count of felon in possession of a firearm. (ECF No. 8.) He pled guilty on December 4, 2019. (ECF No. 15.) The parties' Rule 11 plea agreement indicates that they believe Washington's sentencing guidelines range is 27–33 months. (ECF No. 15, PageID.36.) Washington was scheduled to be sentenced on April 8, 2020. (ECF No. 16.)

But the global coronavirus pandemic hit Michigan in March 2020. This novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. In Michigan alone, there have been over 50,000 cases and over 4,800 deaths as of mid-May. The N.Y. Times, Coronavirus in the U.S.: Latest Map and Case Count, https://nyti.ms/3a6vEnp (last visited May 18, 2020). To try to combat the spread, Michigan's Governor imposed, and ultimately extended, a shelter-at-home order and this District suspended in-court proceedings. 20-AO-021 (March 13, 2020). The CDC has identified older adults and people who have severe underlying medical conditions, like heart or lung disease or diabetes, as being at higher risk for developing more serious complications from COVID-19 illness. Center for Disease Control and Prevention, Coronavirus Disease 2019, Older Adults, https://bit.ly/2Xwa1dM (last visited May 18, 2020). The CDC has also acknowledged that incarcerated individuals face an even greater risk of contracting COVID-19, given the conditions frequently present in correctional and detention facilities. *See United States v. Kennedy*, No. 18-20315, 2020 U.S. Dist. LEXIS 53359, at *4 (E.D. Mich. Mar. 27, 2020). These conditions include, among other things, the highly congregational environment, the limited ability of incarcerated persons to exercise effective disease prevention measures (e.g., social distancing and frequent handwashing), and potentially limited onsite healthcare services. *Id*.

Against this backdrop, Washington requests bond pending sentencing. (ECF No. 18.) The Court does not believe that oral argument will aide in the resolution of the motion, *see* E.D. Mich. LR 7.1(f), nor on this record does it need a response from the Government.

## II.

Washington's motion cites only 18 U.S.C. § 3142, which sets forth the standard for pretrial detention or release. (ECF NO. 18, PageID.59–60.) He further states that "[t]his pandemic certainly qualifies as a change of circumstances." (ECF No, 18, PageID.58.) Thus, his request to revoke his detention order appears to be predicated on 18 U.S.C. § 3142(f)(2)(B), which provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

There are two problems with this argument.

First, Courts in this District and throughout the country have held that the generalized risks of COVID-19 raised by Washington, "without more, do not amount to a 'material change of circumstances' warranting a renewed evaluation of [a] prior detention order." *United States v. Tawfik*, No. No. 17-cr-20183-2, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020); *see also United States v. Wood*, No. 19-20216-6, 2020 U.S. Dist. LEXIS 79472, at *5 (recognizing that "if the Court determined that these [generalized] allegations were sufficient, all inmates would be entitled to release until a suitable vaccine against COVID-19 is developed."); *United States v. Dodd*, No. 20-0016, 2020 WL 1547419, at *3 (D. Minn. Apr. 1, 2020) (collecting

4

cases). "This is particularly true when a defendant has offered concerns about COVID-19 that are no different than those shared by all detainees." *United States v. Bonner*, No. 19-20719, 2020 U.S. Dist. LEXIS 67204, at *4 (E.D. Mich. Apr. 16, 2020). Rather, courts evaluating whether release is necessary must evaluate the particularized risks posed to an individual defendant. *United States v. Lee*, No. 19-20112, 2020 U.S. Dist. LEXIS 55232, at *10 (E.D. Mich. Mar. 30, 2020).

But Washington does not identify any such risks. He does not disclose any health conditions or any other factors that place him at great risk of severe illness should he contract coronavirus. Nor has he demonstrated that he has been exposed to the virus, or is at risk of being so exposed, as a result of his incarceration. Indeed, he does not even disclose where he is presently being detained. While the novel coronavirus presents a great health threat, it does not, by itself, entitle a dangerous person's release from jail.

Second, Washington is no longer being detained pending *trial*. He has already pled guilty and is awaiting *sentencing*. So his situation is now governed by 18 U.S.C. § 3143, which provides that a defendant awaiting sentencing must be detained unless the court finds by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released under § 3142(b) or (c). 18 U.S.C. § 3143(a)(1). In other words, release is not favored once guilt of a crime has been established. *See United States v. Vance*, 851 F.2d 166, 170 (6th Cir. 1988). The burden is on the defendant to prove release is warranted. *Id.* at 168.

Washington says it is very rare for a defendant to cut a tether off and that he certainly would not because he is only facing a sentence of 27–33 months in prison. (ECF No. 18, PageID.60-61.) But Judge Davis did not detain Washington because he is a flight risk. She

5

detained him because she found he was a danger to the community. Washington does not address this critical factor. He simply concludes that "a tether, a designated person, house arrest, and regular reporting" would assure his appearance at court and the safety of the community. (ECF No. 18, PageID.60.) Judge Davis did not agree and Washington makes no argument for why she was wrong. Nor does he address the added difficulties of supervision during the pandemic. Washington has not established by clear and convincing evidence that he does not pose a danger to the community.

It is true that under § 3143, a district court may release a defendant pending sentencing "under appropriate conditions . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). But to qualify for release under this "exception reasons" test, Washington must first show that he is not a danger to the community. *See Bonner*, 2020 U.S. Dist. LEXIS 67204, at *3. As explained, he has not made that showing. Nor has he made a showing that, as to him personally, COVID-19 is an exceptional circumstance warranting his release. He identifies no age factor, underlying health condition, or dangerous condition at his present facility. His "generalized concern about contracting COVID-19 in prison is not an exceptional reason for his release pending sentencing." *Bonner*, 2020 U.S. Dist. LEXIS 67204, at *4; *see also United States v. Wise*, No. 18-20799, 2020 U.S. Dist. LEXIS 65948, at *7 (E.D. Mich. Apr. 15, 2020) (finding that "Defendants generalized concerns about the risk for contracting the virus do not amount to 'exceptional circumstances' that warrant their release pending sentencing under § 3145(c)"); *United States v. Sykes*, No. 19-20550, 2020 U.S. Dist. LEXIS 60718, at *8 (E.D. Mich. Apr. 7, 2020) ("[T]he possibility that [defendant] may become ill with COVID-19 at some future time . . . does not create an exceptional circumstance" justifying release pending sentencing.).

The Court certainly appreciates the gravity of the coronavirus pandemic and does not disagree that "[i]n an appropriate case, the circumstances of the COVID-19 pandemic, and the pandemic's impact on a particular prisoner in a particular facility, could perhaps tip the balance in favor of pretrial [or presentencing] release." *Lee*, 2020 U.S. Dist. LEXIS 55232, at *10–11. In other words, "the [c]oronavirus pandemic could form the basis of an exceptional reason why detention is not appropriate in certain circumstances." *United States v. Kuo-Chun Hsieh*, No. 18-20754, 2020 U.S. Dist. LEXIS 66494, at *7 (E.D. Mich. Apr. 15, 2020). But on this record, the Court is not persuaded that the pandemic justifies releasing Washington prior to sentencing. *Lee*, 2020 U.S. Dist. LEXIS 55232, at *11.

Thus, Washington's emergency motion to revoke detention order based upon change of circumstances is DENIED.

IT IS SO ORDERED.

Dated: May 18, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE